```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

| | |
|---|---|
| **KENNETH WARREN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | )   Case No. 4:06CV1496 HEA |
| | ) |
| **MISSOURI DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Kenneth Warren (registration no. 1136698), an inmate at Northeast Correctional Center ("NCC"), for leave to commence this action without payment of the required filing fee [Doc. #2].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $12.08, and an average monthly balance of $0.23. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.42, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff has brought this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right against cruel and unusual punishment while he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Named as defendants are Missouri Department of Corrections, James Purkett (Superintendent, ERDCC), Joe Hoffmeister (Superintendent of Receiving and Diagnostic), and Paul Johnson (Case Worker). Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff was transferred to ERDCC on October 19, 2005. After intake, plaintiff was housed in the day room of one of the housing units with fifteen to twenty other inmates. Plaintiff and the other inmates were given mats to sleep on. The mats were placed directly on the floor. Plaintiff and the other inmates were not allowed to leave the mats except for approved recreation time, meals and call-outs. Plaintiff spent approximately twenty hours per day on the mat.

Plaintiff filed grievances and otherwise expressed his dissatisfaction with having to sleep on the mat. ERDCC officials denied the grievances.

On October 19, 2005, plaintiff slipped and fell in the chow hall. Plaintiff requested medical services for three months, and was refused treatment. Plaintiff finally saw a doctor in January 2006 and was diagnosed with a lower back injury, for which he now takes pain medicine. Sleeping on the mat aggravated plaintiff's lower back pain.

Plaintiff claims that on October 20, 2005, he requested "180-day Writ" paperwork from the law library at ERDCC. A law clerk told plaintiff that the law library does not provide 180-day Writ paperwork. Defendant Johnson later told plaintiff that he was not allowed to file a 180-day writ while incarcerated at ERDCC. Plaintiff claims that he had to continue his parole eligibility hearing three times as a result of not obtaining the paperwork.

**Discussion**

**A. Defendant Missouri Department of Corrections**

In order to state a claim against defendant Missouri Department of Corrections, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). In the instant case, plaintiff has not alleged that a policy, custom, or official action of the Department of Corrections

caused an actionable injury. As a result, the complaint fails to state a claim against Missouri Department of Corrections.

**B. Conditions of Confinement**

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Consequently, the Eighth Amendment prohibition against cruel and unusual punishment requires that prison officials provide "humane conditions of confinement," including "adequate food, clothing, shelter and medical care." *Id.* To prevail on a claim that the conditions of confinement constitute cruel and unusual punishment, a plaintiff must demonstrate that the conditions of confinement fell below the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The prisoner "must show extreme deprivations, because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Sims v. Artuz*, 230 F.3d 14, 21 (2nd Cir. 2000) (internal quotations omitted); *see also Blyden v. Mancusi*, 186 F.3d 252, 263 (2nd Cir. 1999) ("Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim.").

Plaintiff's allegations of being forced to sleep on a floor mat do not rise to the level of "extreme deprivation" prohibited by the Eighth Amendment. *E.g.*, *Mann v. Smith*, 796 F.2d

79, 85 (5th Cir. 1986) (requiring detainees to sleep on mattresses placed on floor not unconstitutional); *Bowden v. Fairman*, 1992 WL 366905 (N.D. Ill. 1992) ("sleeping on a floor mat may be uncomfortable, [but] it does not violate an inmate's constitutional rights."). As a result, plaintiff's claims for unconstitutional conditions of confinement fail to state a claim upon which relief can be granted or are legally frivolous, or both.

**C. Deliberate Indifference to Medical Needs**

Plaintiff's claims relating to the lack of treatment for his back injury fail to state a claim because he has not alleged that any of the named defendants were responsible for the lack of treatment. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

**D. Denial of Access to the Courts**

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). The constitutional right to access to the courts is meant to protect inmates from "lost, rejected, or impeded legal claim[s]." *Id.* In the instant case, plaintiff has alleged that defendant Johnson refused to provide him with legal paperwork, and that the denial has caused his probation hearing to be continued three times. As a result, the Court finds that

plaintiff's claims for denial of access to the courts against Johnson should not be dismissed at this time, and the Court will order Johnson to respond to Count II of plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Missouri Department of Corrections, James Purkett, or Joe Hoffmeister because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that Count I of plaintiff's complaint is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Paul Johnson.[1]

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Johnson shall reply to Count II of the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 12th Day of December, 2006.

*[signature]*

**UNITED STATES DISTRICT JUDGE**

---

[1] Johnson is alleged to be found at the Eastern Reception, Diagnostic and Correctional Center.