UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH WARREN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV1496 HEA |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 15]. Plaintiff has failed to file an opposition to the motion. For the reasons set forth below, the Motion is granted.

## **Introduction**

Plaintiff is currently incarcerated at Moberly Correctional Center. While he was incarcerated at the Northeast Correctional Center, (NECC), Plaintiff filed this action against Defendants under 42 U.S.C. § 1983 for alleged violations of his right to access the courts for events which occurred while Plaintiff was incarcerated at Eastern Reception & Diagnostic Correctional Center (ERDCC).[1] Plaintiff alleges

---

[1] Plaintiff also claimed that his Eighth Amendment right to be free from cruel and unusual punishment based on the conditions of Plaintiff's confinement and for deliberate indifference to his serious medical needs were dismissed by this Court's Order of December 12, 2006

that while he was incarcerated at ERDCC, he was denied 180-day writ paperwork and access to the law library in violation of his right to access the courts. Plaintiff claims he asked various individuals for the paperwork and his requests were denied. Because of this, Plaintiff alleges that he had to continue his parole eligibility hearing three times. Plaintiff seeks injunctive relief.

## Facts and Background

Plaintiff has presented no opposition to Defendant's statement of undisputed material facts, which are as follows:

Plaintiff was incarcerated at ERDCC for three months, from October 27, 2005 until January 31, 2006. While incarcerated at ERDCC, Plaintiff made numerous requests to the ERDCC law library. In December, 2005, Plaintiff learned that he had several out-of-state detainers pending. On December 5, 2005, Plaintiff requested information about his detainers and how to file 180-day writs from the ERDCC law library. On December 6, 2005, he received information on 180-day writ from the library. The ERDCC library does not provide the paperwork and Plaintiff was informed by the law librarian that he needed to request the paperwork from the records office. On December 9, 2005, Plaintiff was informed by the records officer that he would have the opportunity to file the 180-day writ at his permanent placement.

On December 29, 2005, Plaintiff requested a 90 day continuance for his parole eligibility hearing scheduled for January 17, 2006.

Plaintiff was transferred to NECC on January 31, 2006. The records office at NECC processed Plaintiff's detainers and he filed his 180-day writ on February 16, 2006.

Plaintiff was scheduled for a parole eligibility hearing on April 18, 2006. On March 23, 2006, Plaintiff requested another 90 day continuance. He requested another 90 day continuance in September, 2006. He did not appear for his parole hearing scheduled for December, 2006.

In March, 2007, Plaintiff decided to forego his parole eligibility hearings and serve out his sentence. Plaintiff requested that his file be permanently closed.

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348

F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). The constitutional right to access to the courts is meant to protect inmates from "lost, rejected, or impeded legal claim[s]." *Id.* In the instant case, plaintiff has alleged that defendant

Johnson refused to provide him with legal paperwork, and that the denial has caused his probation hearing to be continued three times.

Plaintiff is no longer incarcerated at the ERDCC and therefore his request for injunctive relief against Defendant Johnson for his alleged refusal to provide him with the 180-day writ paperwork is moot. No threat of future violations exists to warrant injunctive relief against Defendant; Plaintiff is no longer incarcerated at location which he claims Defendant denied him access to the courts. Furthermore, Plaintiff has already filed his 180-day writ paperwork, thus, the injunctive relief Plaintiff requests is Eastern Reception & Diagnostic Correctional Center (ERDCC), no longer at issue.

## Conclusion

Plaintiff's claims against Defendant are moot. Defendant is therefore entitled to judgment in his favor.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 15], is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 24th day of October, 2007.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE